UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROSS, | No. 2:13-cv-00234-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| BAR NONE ENTERPRISES INC., a California corporation, | |
| Defendant. | |

        This matter is before the court on plaintiff Robert Ross's motion to modify the scheduling order and for leave to file a second amended complaint. (ECF 16.) The court decided this matter on the papers. As explained below, the court GRANTS plaintiff's motion.

I.    INTRODUCTION AND PROCEDURAL BACKGROUND

        This case arises out of plaintiff's alleged wage claims against defendant, his former employer. Plaintiff filed his original complaint on February 6, 2013 (ECF 1) and his first amended complaint on April 2, 2013 (ECF 6). Plaintiff alleges eight causes of action in the first amended complaint, including violations of overtime compensation laws under the Fair Labor Standards Act ("FLSA") and the California Labor Code ("Labor Code"); violations of Labor Code sections 226, 512, 226.7 and 203; violations of California Business and Professions Code section 17200; and recovery of penalties under the Labor Code Private Attorneys General Act of 2004, Labor Code section 2699. (ECF 6 at 3-9.)

On April 24, 2013, defendant Bar None Enterprises, Inc., filed an answer to plaintiff's First Amended Complaint. (ECF 8.) On June 20, 2013, the court held an initial scheduling conference, and on July 1, 2013, the court issued a scheduling order. (ECF 11.) The court's scheduling order provides: "No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." (*Id.* at 1.) The scheduling order further provides: "The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause." (*Id.* at 9.)

Despite the scheduling order's express mandate, the parties filed a stipulation for filing a second amended complaint on August 5, 2013 (ECF 13), and plaintiff filed a Second Amended Complaint on the same day (ECF 14). However, because these filings violated the scheduling order, the court issued a minute order striking the stipulation and the Second Amended Complaint on August 6, 2013. (Dkt. No. 15.) Consequently, plaintiff brings this unopposed motion seeking to modify the court's scheduling order and seeking leave to file a second amended complaint. (ECF 16.) The Second Amended Complaint is captioned as a class action complaint, whereas, the First Amended Complaint was filed on plaintiff's behalf only. (*Id.*)

II.   STANDARD

A party seeking leave to amend pleadings after the deadline specified in the scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609. Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party, *id.*, and that party's reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

If good cause exists, the party next must satisfy Rule 15(a). *Cf. Johnson*, 975 F.2d at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987), approvingly for its

explication of this order of operations). Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party (1) undue prejudice, (2) is sought in bad faith, (3) constitutes an exercise in futility, or (4) creates undue delay." *Ascon Props.*, 866 F.2d at 1160 (internal citations omitted).

III.     ANALYSIS

Plaintiff argues he satisfies the "good cause" requirement for modifying the court's scheduling order: while at the time of the initial scheduling conference on June 20, 2013, "he informed the court that the case might be a candidate for class action status," plaintiff then did not have "the benefit of further contact by" defendant's "similarly situated former employees." (ECF 16 at 7.) Plaintiff learned about defendant's other former employees' potential claims only in the middle of July 2013, when plaintiff's counsel met with defendant's counsel to discuss the possibility of amending the First Amended Complaint. (Certificate of Counsel ¶¶ 2-3, ECF 16.) As indicated above, defendant does not oppose plaintiff's motion.

The court finds plaintiff has demonstrated "good cause" to amend the scheduling order. After counsel met in July, plaintiff drafted a proposed Second Amended Complaint and sent it to defendant's counsel for approval on August 2, 2013. (*Id.*) On the same day, defendant's counsel signed a stipulation for filing the proposed Second Amended Complaint, and on August 5, 2013, plaintiff filed the stipulation and the Second Amended Complaint with the court. (*Id.*) Because plaintiff acted diligently in seeking a stipulation shortly after he learned of the potential class members and in seeking leave to amend this court's scheduling order, the court finds plaintiff has satisfied the "good cause" requirement under Rule 16(b).


1 The court also finds plaintiff has carried his burden under Rule 15. Granting plaintiff leave to file the Second Amended Complaint will not unfairly prejudice defendant. It is reasonable to assume that if the filing of the Second Amended Complaint were prejudicial, defendant would not have stipulated to it or defendant would have filed an opposition. As to the bad faith factor, the court finds, for the same reasons set forth in the Rule 16(b) analysis above, that plaintiff did not act in bad faith in bringing the instant motion. Regarding futility, an amendment is futile where it "appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaints." *Tseng v. Nordstrom, Inc.*, No. 11-08471, 2012 WL 3019949, at *4 (C.D. Cal. July 23, 2012) (quoting *Adam v. State of Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001), *overruled on other grounds by Green v. City of Tucson*, 255 F.3d 1086, 1090 (9th Cir. 2001)). Here, plaintiff seeks to amend the First Amended Complaint to file a class action complaint. As such, the proposed Second Amended Complaint addresses Rule 23 requirements that are absent from the First Amended Complaint. The court cannot find the proposed Second Amended Complaint to be futile under the circumstances. Finally, as to the undue delay factor, the court finds, for the same reasons set forth in the Rule 16(b) analysis above, that plaintiff's actions have not caused undue delay in this case.

IV.     CONCLUSION

For the foregoing reasons, plaintiff's motion to modify the scheduling order is GRANTED and plaintiff is GRANTED leave to file his second amended complaint. The Second Amended Complaint filed on August 5, 2013 is deemed filed as of the date of this order.

IT IS SO ORDERED.

Dated: October 23, 2013.

_____
UNITED STATES DISTRICT JUDGE