UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBERT ROSS, | No. 2:13-CV-00234-KJM-KJN |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| BAR NONE ENTERPRISES, INC., | |
| Defendant. | |

This matter is before the court on defendant Bar None Enterprises, Inc.'s request to seal. Def.'s Req. Seal ("Req.") at 2–3, ECF No. 23. Finding the matter suitable for disposition on the papers, the court did not hear argument. As explained below, the court GRANTS IN PART and DENIES IN PART defendant's request.

I.  BACKGROUND

This action arises from defendant's alleged unlawful labor practices, including failure to pay overtime compensation, failure to provide itemized statements of hours/wages, and failure to provide required breaks for meal and rest periods. Compl. ¶¶ 7–56, ECF No. 1. On May 16, 2014, plaintiff moved for class certification and preliminary approval of a class settlement, seeking also to modify the court's pretrial scheduling order as necessary. Pl.'s Mot. Prelim. Approval Class Settlement at 1–2, ECF No. 22-1. That motion relies in part on the documents that are the subject of the instant request. Req. at 2.

Defendant seeks to seal sixty-nine pages of documents, including: (1) the Declaration of Joseph Seidel, including statement of personal assets and liabilities (pages 1 to 2); (2) Joseph "Zeb" Seidel's personal tax returns for the years 2012 and 2011 (pages 3 to 30); (3) Bar None's profit and loss statements for 2013, balance sheet as of January 2014, and federal tax returns for the years 2012 and 2011 (pages 31 to 66); and (4) Auction Exchange's profit and loss statements for 2013 and balance sheet as of January 2014 (pages 67 to 69). *Id.* at 2–3. These documents have been submitted for *in camera* review. Plaintiff does not oppose defendant's request.

II.     STANDARD

The Local Rules of the Eastern District of California provide that "[d]ocuments may be sealed only by written order of the Court." L.R. 141(a). A request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." *Id.* 141(b).

It is an established principle that there is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions. *Id.* at 1180.

To seal documents filed with a dispositive motion, a party "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* That is, the party requesting to seal "must articulate[] compelling reasons supported by specific factual findings . . . that outweigh . . . public interest in understanding the judicial process." *Id.* at 1178–79 (citation and internal quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

On the other hand, a party requesting to seal a document filed with a non-dispositive motion needs to demonstrate "good cause." *Id.* at 1180. This is because the public's interest in non-dispositive materials is weaker than its interest in dispositive materials. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). To satisfy the "good cause" standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result" if the request to seal is denied. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning'" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

III.   ANALYSIS

Defendant argues sealing is proper because it submits the documents at issue only to obtain court approval of the settlement, which it characterizes as a non-dispositive motion. Req. at 2. Pursuant to Local Rule 141, defendant identifies "the Court and authorized court personnel" as the category of persons to be permitted access to the documents and requests that the documents be sealed "for as long as necessary" for the court to rule on the settlement. *Id.* at 2–3.

To begin, the court must determine the showing required to overcome the presumption of public access to the documents defendant submits. A dispositive motion "resol[ves] . . . a dispute on the merits," *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), and "[u]nless the denial of a motion for class certification would effectively end the case, the vast majority of courts within this circuit treat motions for class certification as non-dispositive motions to which the 'good cause' sealing standard applies," *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *1 (N.D. Cal. June 11, 2013) (internal quotation marks omitted). Here, in light of the small proposed class of twenty-eight individuals and the amount of potential recovery of each plaintiff, Mot. at 3–4, the court finds the motion to be nondispositive. Additionally, the court notes the "inherently tentative" nature of "preliminary" approval. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

1  Plaintiff must therefore "make a 'particularized showing' of good cause with respect to [each]
2  individual document to justify sealing . . . ." *Lane*, 2013 WL 2627487, at *1 (quoting *Kamakana*,
3  447 F.3d at 1180).
4     By statute, federal tax "[r]eturns and return information shall be confidential," and,
5  except under circumstances not relevant here, "no officer or employee of the United States
6  . . . shall disclose any return or return information . . . ." 26 U.S.C. § 6013(a). This statute
7  "reflects the strong public interest in safeguarding the confidentiality of tax return information"
8  and "prioritizes the confidentiality" thereof. *United States v. Tillman*, No. 07 Cr. 1209(LTS),
9  2009 WL 976818, at *3–4 (S.D.N.Y. Apr. 6, 2009). "[T]he presumption of public access to
10 Court files is [thus] outweighed by [a party]'s interest in privacy in his [or her] tax records."
11 *Carbajal v. Warner*, __ F. App'x __, 2014 WL 2110027, at *4 (10th Cir. 2014) (internal
12 quotation marks omitted); *cf.* FED. R. CIV. P. 5.2(a)(1) (requiring redaction of all but final four
13 digits of individual taxpayer-identification number). Accordingly, insofar as defendant seeks to
14 seal tax returns, good cause exists to seal those documents. *See Carbajal*, 2014 WL 2110027, at
15 *4; *Tillman*, 2009 WL 976818, at *3–4.
16    "[T]he common-law right of inspection has [also] bowed before the power of a
17 court to insure that its records are not used . . . as sources of business information that might harm
18 a litigant's competitive standing." *Nixon*, 435 U.S. at 597, *quoted in In re Hydroxycut Mktg. &*
19 *Sales Practices Litig.*, No. 09md2087 BTM (AJB), 2011 WL 3759632, at *1 (S.D. Cal. Aug. 25,
20 2011). Such "private . . . information of competitive value" includes the "detailed financial
21 information" of individuals and companies. *See id.* at *1–2. Here, aside from tax information,
22 defendant requests to seal the profit-and-loss statements and balance sheets of two business
23 entities. These documents "contain business information potentially harmful to [defendant]'s
24 competitive standing." *S.M.D. Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL
25 1091054, at *2 (E.D.N.C. Mar. 15, 2013).
26    However, defendant has made no "particularized showing" of good cause to seal
27 the documents here. Thus, on the instant record, the court is unable to conclude that defendants
28 will suffer any resultant competitive disadvantage. Good cause does not presently exist to seal

these documents. *See Nixon*, 435 U.S. at 597. Similarly, as defendant offers no justification for sealing the Seidel declaration, the request is denied in that respect as well.

IV.     CONCLUSION

As set forth above, the court GRANTS IN PART and DENIES IN PART defendant's request:

(1) The request is GRANTED as to the tax returns of Joseph Seidel and Bar None.

(2) The request is DENIED without prejudice as to the remainder.

(3) The Clerk of Court shall seal the 2011 and 2012 tax returns of Joseph Seidel, Seidel Decl., Ex. A at 3–30, and Bar None, *id.*, Ex. B at 36–66.

(4) The Clerk of Court "will return to the submitting party the documents for which sealing has been denied," L.R. 141(e)(1), and any electronically transmitted documents are deemed returned, *United States v. Chanthaboury*, No. 2:12-cr-00188-GEB, 2013 WL 6404989, at *2 (E.D. Cal. Dec. 6, 2013).

IT IS SO ORDERED.

DATED: June 12, 2014.

_____
UNITED STATES DISTRICT JUDGE