UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT ROSS,

Plaintiff,

v.

BAR NONE ENTERPRISES, INC.,

Defendant.

No. 2:13-cv-00234-KJM-KJN

ORDER

This matter is before the court on the unopposed motions by plaintiff Robert Ross for attorneys' fees, costs, and class representative enhancement (ECF No. 35) and for final approval of settlement (ECF No. 37). The court held a hearing on this matter on January 16, 2015. Mark Thomas and Frank Moore appeared for plaintiff; no appearance was made for defendant. For the following reasons, plaintiff's motions are GRANTED.

## I. PROCEDURAL BACKGROUND

On February 1, 2013, plaintiff Robert Ross filed an action as an individual against his former employer, defendant Bar None Enterprises, Inc. (Bar None), for wage claims related to his improper classification as an exempt employee as an Inventory Specialist from July 2010 until December 2012. Compl., ECF No. 1. In the course of discovery, plaintiff determined other similarly situated employees also were likely improperly classified, and on September 4, 2013,

plaintiff requested leave to file a proposed second amended complaint asserting class claims. ECF No. 16. The court granted the motion on October 24, 2013 (ECF No. 19) and the second amended complaint was deemed filed the same day (ECF No. 20). The second amended complaint includes claims for all misclassified employees for (1) failure to pay overtime wages; (2) waiting time penalties; (3) failure to provide lawful wage statements; (4) failure to provide statutory meal periods; (5) failure to provide statutorily required rest periods; (6) unfair competition; and (7) declaratory relief. *Id.*

The parties agreed to resolve the claims in a mediation with Jeffrey Ross, a "well-known, experienced mediator," presiding. Settlement Agreement ¶ G, ECF No. 29. Mediation took place on January 23, 2014, and parties reached an agreement memorialized in a brief, short form agreement in anticipation of a more formal agreement. *Id.*

On May 16, 2014, plaintiff filed a proposed settlement agreement with his motion for preliminary approval of class action settlement. Mot. for Prelim. Approval, ECF No. 22. In response to the court's order on June 20, 2014 (ECF No. 25), plaintiff submitted a corrected version of the settlement agreement on July 3, 2014 (ECF No. 29). On August 19, 2014, the court preliminarily approved the settlement, provisionally certified the settlement class, and scheduled a hearing for final approval of settlement, award of plaintiff's attorneys' fees and reimbursement of expenses, and other such matters as the court may deem appropriate on January 16, 2015. Preliminary Approval Order, ECF No. 34. Plaintiff filed a motion for attorneys' fees, costs, and class representative enhancement award on October 14, 2014 (Mot. for Attorneys' Fees, ECF No. 35), a Notice of Opt-Outs on December 31, 2014 (ECF No. 36), a motion for final approval of settlement on January 2, 2015 (Mot. for Final Approval, ECF No. 37), and a supplemental declaration from Class Representative Robert Ross on January 20, 2015 (ECF No. 39). Defendant has not responded, its silence consistent with the terms of settlement.

## II. THE SETTLEMENT AGREEMENT

### A. Settlement Fund

The settlement provides for a settlement fund of $300,000, and each of the 28 class members will receive a share to be calculated by the claims administrator. The proposed

calculation, according to the claims administrator, is based on the following: an average Inventory Specialist earns $19.92/hr. The claims administrator will multiply the weekly settlement amount by the class members' compensable workweeks. Settlement Agreement ¶ 4.3. Assuming a net settlement of $180,000 for class members, the weekly pay period settlement is $139.10 per week, or $7,233.20 for every year an Inventory Specialist worked at Bar None. Mot. for Final Approval at 10-11; Decl. of Sandra Molina at 2, ECF No. 37-4. This total sum includes the amount determined for attorneys' fees (not to exceed $90,000) and litigation expenses (not to exceed $15,000), any enhancement award ($5,000), employee payroll deductions, and any other obligation of Bar None under the settlement, excluding employer's share of payroll taxes. *Id.*; *see also* Mot. for Final Approval at 4. No class members opted out of the settlement, and accordingly each will be issued settlement checks. Mot. for Final Approval at 5.

B. Attorneys' Fees and Litigation Costs

Class counsel is entitled to no more than 30 percent of the maximum settlement consideration of $300,000 and actual litigation expenses to be paid exclusively from the settlement sum. Bar None agreed not to oppose a motion for approval of attorneys' fees and litigation expenses consistent with this amount, and agreed such a request is fair and reasonable under the circumstances. *Id.* ¶ 5.1.

C. Class Administration Fees

Class Administration fees are to be paid from the maximum settlement fund, and class counsel was responsible for securing and monitoring the services of the class administrator. *Id.* ¶ 7. The class administration fees are $5,000. Decl. of Sandra Molina at 3, ECF No. 37-4.

D. Class Representative Enhancement

If approved by the court, the class representative is to receive a $5,000 enhancement award separate from and in addition to the settlement payment to which the class representative is entitled. *Id.* ¶ 4.6. Bar None has not opposed this request and in the Settlement Agreement agreed it is fair and reasonable.

/////

/////

E. Penalties

An allocation of $5,000 is to be paid to the California Labor Workforce Development Agency. Mot. for Final Approval at 4.

III. CERTIFICATION

A party seeking to certify a class must demonstrate it has met the requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011). Although the parties in this case have stipulated that a class exists for purposes of settlement, the court must nevertheless undertake the Rule 23 inquiry independently. *West v. Circle K Stores, Inc.*, No. CIV. S–04–0438 WBS GGH, 2006 WL 1652598, at *2 (E.D. Cal. June 13, 2006).

Under Rule 23(a), before certifying a class, the court must be satisfied that:

> (1) the class is so numerous that joinder of all members is impracticable (the "numerosity" requirement);
>
> (2) there are questions of law or fact common to the class (the "commonality" requirement);
>
> (3) the claims or defenses of representative parties are typical of the claims or defenses of the class (the "typicality" requirement); and
>
> (4) the representative parties will fairly and adequately protect the interests of the class (the "adequacy of representation" inquiry).

*Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 300 (E.D. Cal. 2011) (quoting *In re Itel Sec. Litig.*, 89 F.R.D. 104, 112 (N.D. Cal. 1981)); *accord* Fed. R. Civ. P. 23(a).

The court must also determine whether the proposed class satisfies Rule 23(b)(3). To meet the requirements of this subdivision of the rule, the court must find that "'questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and effectively adjudicating the controversy.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011) (quoting Fed. R. Civ. P. 23(b)(3)). "The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

/////

[and] (B) the extent and nature of any litigation concerning the controversy already begun by or against class members . . . ." Fed. R. Civ. P. 23(b)(3)(A)–(B).

Plaintiff seeks certification of the following class for settlement purposes: "[T]he 28 employees identified as Inventory Specialists who were misclassified as exempt employees by Bar None at any time from February 1, 2009 through February 28, 2013, and who have not opted out of this Settlement after Notice, and who are therefore in the Class that is certified for purposes of Settlement only." Mot. for Prelim. Approval at 7, ECF No. 22-1. "The class excludes individuals who cannot be located by the Claims Administrator." *Id.* No class members have objected or opted out as of the date of the filing of the motion. Notice of Opt-Outs, ECF No. 36.

On August 19, 2014, the court preliminarily certified the proposed class, finding the class satisfied the numerosity, commonality, typicality and adequacy of representation requirements of Rule 23(a), Preliminary Approval Order at 5–8, as well as the predominance and superiority requirements of Rule 23(b)(3), *id.* at 8–9.

No party or class member has objected to certification of the settlement class, and there is nothing before the court to suggest this prior certification was improper. The court therefore finds certification of the class for the purpose of final approval of the settlement agreement is appropriate.

## IV. NOTICE TO, RESPONSE FROM, AND PAYMENT TO CLASS MEMBERS

The number of potential class members in this action is 28. Mot. for Final Approval at 4. Gilardi & Co., LLC (Gilardi) was retained as class administrator for the settlement. *Id.* In compliance with the terms of the final schedule, on August 21, 2014, Bar None provided the name, last known address, telephone numbers, date of birth and social security number for each class member. *Id.* at 5; Decl. of Sandra Molina ¶ 2. On September 22, 2014, Gilardi printed and mailed a Notice of Class Action and Proposed Settlement, a Settlement Claim Certification Form, and a Request for Exclusion Form (collectively, Notice Packet) to the 28 names on the class list. Decl. of Sandra Molina ¶ 3. Additionally, on September 23, 2014, Gilardi established a toll-free telephone number for class members to call and request a Notice Packet or to speak to an operator. *Id.* ¶ 5. The opt-out and/or objection deadline was

November 21, 2014. *Id.* ¶ 8. As of the date of hearing, no opt-outs or objections had been received. *Id.*; *see also* Notice of Opt-Outs, ECF No. 36. The court found in its Preliminary Approval Order that the Notice Packet and method of notice "adequately describes the terms of the settlement," "informs the class about the allocation of attorneys' fees," and "provide[s] specific and sufficient information regarding the date, time and place of the final approval hearing." Preliminary Approval Order at 18-19.

## V. THE SETTLEMENT AND FAIRNESS

### A. Legal Framework

When the parties reach settlement of a class action, the court must find the proposed settlement is "fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). After the initial certification and notice to the class, the court conducts a fairness hearing before finally approving any proposed settlement. *Narouz v. Charter Commc'ns, Inc.*, 591 F.3d 1261, 1267 (9th Cir. 2010); Fed. R. Civ. P. 23(e)(2) ("If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate."). The court must balance a number of factors in determining whether the proposed settlement is fair, adequate and reasonable:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026; *Adoma v. Univ. of Phx.*, 913 F. Supp. 2d 964, 974–75 (E.D. Cal. 2012). The list is not exhaustive and the factors may be applied differently in different circumstances. *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982).

The court must consider the settlement as a whole, rather than its component parts, in evaluating fairness, and it "must stand or fall in its entirety." *Hanlon*, 150 F.3d at 1026. Ultimately, the court must reach "a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement,

taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625.

B. Strength of Plaintiff's Case

When assessing the strength of plaintiff's case, the court does not reach "any ultimate conclusions regarding the contested issues of fact and law that underlie the merits of this litigation." *Vanwagoner v. Siemens Indus., Inc.*, 2014 WL 7273642, at *5 (E.D. Cal. Dec. 17, 2014) (quoting *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1388 (D. Ariz. 1989)). The court cannot reach such a conclusion, because evidence has not been fully presented and the "settlements were induced in large part by the very uncertainty as to what the outcome would be, had litigation continued." *Id.* Instead, the court is to "evaluate objectively the strengths and weaknesses inherent in the litigation and the impact of those considerations on the parties' decisions to reach these agreements." *Id.*

Here, defendant admitted to misclassifying the majority of Inventory Specialists as exempt, "but disputed the amount of overtime hours worked as well as wages and penalties owed." Settlement Agreement ¶ I; *see also id.* ¶ 13.1. Defendant has since revised its practices. *Id*. ¶ D. ("effective February 28, 2013, Bar None changed its payroll practices to properly compensate Inventory Specialists."). Plaintiff has a strong case that defendant's wage practices did not comply with California and federal law, though the extent is disputed. Because the settlement achieves actual and immediate compensation to class members that would have likely prevailed on the merits, this factor favors approving the settlement.

C. Risk, Expense, Complexity and Likely Duration of Further Litigation; Risk of Maintaining Class Status

"Approval of settlement is 'preferable to lengthy and expensive litigation with uncertain results.'" *Morales v. Stevco, Inc.*, No. 1:09–cv–00704 AWI JLT, 2011 WL 5511767, at *10 (E.D. Cal. Nov. 10, 2011) (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004)). The Ninth Circuit has explained "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citing *Class Plaintiffs v. City of*

*Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). "'[I]t must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation . . . .'" *Id.* (quoting *Officers for Justice*, 688 F.2d at 625).

Here, the parties have reached a reasonable, voluntary agreement. In support of its motion for preliminary approval of class certification, plaintiff offered evidence of defendant's likely insolvency in the event it faced separate judgments by individual claimants. ECF No. 34 at 9 (court found defendant's tax returns are "fairly telling" and "adequate" to "determine defendant's insolvency"). On the other hand, "[p]reliminary calculation of the class member settlement awards reflect a significant average claim value which Bar None and its owner have represented to this [c]ourt it can absorb without putting it out of business." Mot. for Final Approval at 8. The risk of insolvency to defendant and the expected costs of further litigation for both parties if the case does not resolve now weigh in favor of approving the settlement, which will guarantee a benefit to the class without further delay.

D. Amount Offered in Settlement

The proposed settlement is not to be judged against "a hypothetical or speculative measure of what might have been achieved by the negotiators." *Officers for Justice*, 688 F.2d at 625 (citations omitted); *see also Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 302 (E.D. Cal. 2011) (a court must "'consider plaintiffs' expected recovery balanced against the value of the settlement offer'") (quoting *In re Tableware Antitrust Litig*., 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007)).

The class is comprised of hourly workers earning an average of $19/hour (Mot. for Final Approval at 10) with an expected average claim value of $6,428.57 (Decl. of Sandra Molina at 2). Plaintiff represents the proposed settlement provides "a very good recovery" for the class, "does not improperly grant preferential treatment" to any member of the class, and is supported by every class member, as evidenced by the lack of objections. Mot. for Final Approval of Settlement at 10-12. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms*., 221 F.R.D. at 529. Where there are no

objections, the presumption is particularly strong. *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283, at *2 (S.D. Cal. May 29, 2012) (noting "the fairness of the terms of the settlement is bolstered by the fact that no objections were made").

The court finds the settlement amount weighs in favor of approval in light of comparable settlements for hourly workers. *See, e.g., Torchia v. W.W. Grainger, Inc.*, No. 1:13-CV-01427-LJO, 2014 WL 7399230, at *10 (E.D. Cal. Dec. 29, 2014) (total "represents a very favorable result in a wage and hour case involving hourly workers who are typically at the lower end of the earning spectrum"); *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013) (approving maximum claim payment for class members who worked the entire eligibility period is $922.29); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 489 (E.D. Cal. 2010) ("$2600 per claimant net of all expenses, is a sizeable settlement in a wage and hour case involving low-income workers."). This factor weighs in favor of approving the settlement.

E. Extent of Discovery and Stage of the Proceedings

"A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair." *Nat'l Rural Telecomms.*, 221 F.R.D. at 528 (citing *City Partnership Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996)). Significant discovery has been conducted in this case. Plaintiff's counsel "reviewed thousands of documents concerning the wages, payroll records, and hours of work of Inventory Specialists," reviewed the responses to discovery requests, conducted "interviews with percipient witnesses and putative [c]lass [m]embers," deposed Bar None owner Joseph Seidel, and reviewed financial statements and tax returns of Bar None. Mot. for Final Approval at 9. The agreement was reached after extensive arm's length negotiations, meeting with a qualified mediator, and after considerable resources were spent determining the extent of damages, penalties, interest, and fees. Given the relatively small size of the class, the court finds settlement was reached with sufficient information as to the extent of liability, the number of employees affected, and with adequate time to fully develop the case and reach agreement. This factor weighs in favor of approving the settlement agreement.

/////

F. Experience and Views of Counsel

Both parties' counsel are "particularly experienced in wage and hour class actions" and support the settlement. Mot. for Final Approval at 12; *See Nat'l Rural Telecomms.*, 221 F.R.D. at 528 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.") (internal quotation marks and citations omitted). This deference is justified because "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). Here, counsel "believes this is a fair and reasonable settlement that is in the best interest of the class, in light of the complexities of the case, the state of the law and uncertainties of litigation and collectability." Mot. for Final Approval at 12. This factor weighs in favor of approving the settlement.

G. Reaction of the Class

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms.*, 221 F.R.D. at 529 (citations omitted).

That class administrators received no opt-out forms or objections from potential class members is strongly persuasive. *See, e.g.*, *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement.") (citations omitted); *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *11 (N.D. Cal. Apr. 1, 2011) *supplemented,* No. C-06-05778 JCS, 2011 WL 1838562 (N.D. Cal. May 13, 2011) (noting "minimal number of objections filed strongly supports approval of the settlement"). This factor weighs in favor of approving the settlement.

H. Possibility of Collusion

Before approving a settlement, the court must consider whether it is the product of collusion. *Hanlon*, 150 F.3d at 1026; *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 453-54 (E.D. Cal. 2013).

Here, the parties reached settlement agreement following a mediation session on January 23, 2014. ECF No. 29 at ¶ G; *see In re Bluetooth Headset Prods. Liability Litig.* (*Bluetooth*), 654 F.3d 935, 948 (9th Cir. 2011) (participation of mediator is not dispositive, but is "a factor weighing in favor of a finding of non-collusiveness"). The parties' private mediation took place before a neutral and experienced mediator, Jeffrey Ross. The court finds no objective signs of collusion in this action. Accordingly, this factor weighs in favor of approving the settlement. *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 457–58 (C.D. Cal. 2014).

In sum, considering all relevant factors, the court concludes the circumstances surrounding the settlement weigh in favor of finding it fair and adequate. All of the preconditions to certification have remained satisfied since the court preliminarily certified the settlement class. After carefully reviewing the parties' submissions in light of the relevant factors, for the reasons discussed above, the motion for final approval of class settlement is GRANTED.

## VI. ATTORNEYS' FEES AND COSTS

Where the payment of attorneys' fees is also part of the negotiated settlement, the fee settlement must be separately evaluated for fairness in the context of the overall settlement. *Knisley v. Network Assocs*., 312 F.3d 1123, 1126 (9th Cir. 2002). Class counsel seeks an award of attorneys' fees in the amount of $90,000, which represents approximately 30 percent of the $300,000 settlement fund. ECF No. 35-1 at 4. Class counsel also seeks a $6,178.47 award of costs, and a $5,000 class representative enhancement fee. *Id.*

### A. Class Counsel's Request for Attorneys' Fees

Rule 23 permits a court to award "reasonable attorney's fees . . . that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Even when the parties have agreed on an amount, the court must award only reasonable attorneys' fees in a class action settlement. *Bluetooth*, 654 F.3d at 941. "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *Id*. at 942. If the court employs the percentage-of-recovery method, "calculation of the lodestar amount may be used as a cross-check to assess the

reasonableness of the percentage award." *Adoma*, 913 F. Supp. 2d at 981. The court must employ the method that will produce a reasonable result. *Bluetooth*, 654 F.3d at 942.

Where the settlement applies distribution formulas by which each class member who submits a valid claim will receive a mathematically ascertainable payment, application of the percentage of common fund doctrine is appropriate. *See Vasquez v. Coast Valley Roofing, Inc*., 266 F.R.D. 482, 491 (E.D. Cal. 2010). In the Ninth Circuit, the benchmark for percentage of recovery awards is 25 percent of the total settlement award, which may be adjusted up or down. *Hanlon*, 150 F.3d at 1029; *Ross v. U.S. Bank Nat'l Ass'n*, No. C 07–02951 SI, 2010 WL 3833922, at *2 (N.D. Cal. Sept. 29, 2010) (stating selection of benchmark must be based on all circumstances of the case). In "megafund" cases of $50–100 million, fees more commonly will be under the 25 percent benchmark in this Circuit. *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 WL 10483569, at *13 (E.D. Cal. Sept. 2, 2011). In contrast, in cases under $10 million, the awards more frequently will exceed the 25 percent benchmark. *Id*. Cases deciding other common fund class action settlement awards in this district support a 30 percent calculation. *See, e.g., Vasquez v. Jim Aartman, Inc.*, No. CV-F-02-5624AWILJO, 2005 WL 1836949, at *1 (E.D. Cal. Aug. 1, 2005) (30% of $375,000 settlement); *Bond v. Ferguson Enterprises, Inc.*, No. 1:09-CV-1662 OWW MJS, 2011 WL 2648879, at *11 (E.D. Cal. June 30, 2011) (collecting 30%+ fee awards in the Eastern District).

Here, counsel's requested 30 percent award exceeds the 25 percent benchmark. Factors that may justify departure from the benchmark include: (1) the result obtained; (2) counsel's efforts, experience, and skill; (3) the complexity of the issues; (4) the risks of non-payment assumed by counsel; (5) the reaction of the class; (6) non-monetary benefits, such as clarification of certain points of law; and (6) comparison with the lodestar. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002). Additional factors include whether counsel receives a disproportionate distribution of the settlement, whether the parties have agreed to a "clear sailing" arrangement, as here, whereby defendant will not object to counsel's request for fees, and whether any fees not awarded will revert to defendant rather than be added to the class fund. *Bluetooth*, 654 F. 3d at 947.

1. The Result Obtained

The result obtained is a significant factor to be considered in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Wilcox v. City of Reno*, 42 F.3d 550, 554 (9th Cir. 1994). Counsel were able to successfully reach agreement less than two years after the initiation of the litigation, and has reached a fair and reasonable agreement without objection. In his motion, plaintiff does not assert the result obtained is particularly noteworthy or beyond expectation, but is favorable. *See Vasquez*, 266 F.R.D. at 492 (result favorable where 56 employees were to receive a recovery of $2,600 per employee). This factor is neutral with regard to increasing the benchmark.

2. The Risks Involved

Counsel contends because the case was taken on a contingency basis, there is an inherent risk justifying increasing the fee award. *See Vasquez*, 266 F.R.D. at 492. "However, the Ninth Circuit has held that the distinction between a contingency arrangement and a fixed fee arrangement alone does not merit an enhancement from the benchmark." *Torchia v. W.W. Grainger, Inc.*, No. 1:13-CV-01427-LJO, 2014 WL 7399230, at *15 (E.D. Cal. Dec. 29, 2014) (citing *In re Bluetooth Headset Prods. Liab. Litig*., 654 F.3d 935, 942 n.7 (9th Cir. 2011) ("whether the fee was fixed or contingent" is "no longer valid" as a factor in evaluating reasonable fees). Here, however, the court finds the case presented some risk the defendant would become insolvent, as confirmed by defendant's financial records. ECF No. 24 at 9. This factor weighs in favor of an adjustment.

3. Counsel's Efforts, Experience and Skill; Complexity of the Issues

The complexity of issues and skills required may weigh in favor of a departure from the benchmark fee award. *See In re Heritage Bond Litig*., 2005 U.S. Dist. LEXIS 13555, at *66 (C.D. Cal. June 10, 2005) ("Courts have recognized that the novelty, difficulty and complexity of the issues involved are significant factors in determining a fee award"). Counsel does not assert there was particularly high skill or complexity involved in this case, but the accounting of time and tasks expended shows significant time and effort was put into this case. This factor is neutral with regard to an adjustment.

4. Lodestar Cross-Check

In the order preliminarily approving the settlement, the court expressed its concern with applying the percentage method "in light of the benchmark for such an award of 25 percent and the settlement's having been reached during an early stage of litigation. Here, it is possible the lodestar method will produce a more reasonable result than the percentage-of-recovery method." Preliminary Approval Order at 16.

"[C]alculation of the lodestar amount may be used as a cross-check to assess the reasonableness of the percentage award." *Adoma*, 913 F. Supp. 2d at 981. The court must employ the method that will produce a reasonable result. *See Bluetooth*, 654 F.3d at 942. In calculating an attorneys' fee award using the lodestar method, a court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). When a court uses the lodestar as a cross-check to a percentage claim of fees, it need only make a "rough calculation." *Schiller v. David's Bridal, Inc.*, No. 1:10–cv–00616–AWI–SKO, 2012 WL 2117001, at *22 (E.D. Cal. June 11, 2012).

Here, a lodestar cross-check confirms 30 percent of the $900,000 settlement fund is a reasonable fee award for plaintiffs' counsel. Plaintiff, in his motion, represents the lodestar fees to be $92,925, or more than the requested common fund sum of $90,000. The time records submitted by counsel show a combined 213.7 hours of work at $450/hour for a total lodestar fee of $96,165. *See* Supp. Decl. of Thomas, ECF No. 37-3 (105.7 hours from Mark C. Thomas) and Decl. of Moore ECF No. 35-31 (108 hours from Frank Moore). A rough calculation of plaintiff's attorneys' fee is sufficient. *See Barbosa*, 297 F.R.D. at 451–52 ("Where the lodestar method is used as a cross-check to the percentage method, it can be performed with a less exhaustive cataloguing and review of counsel's hours.") (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306 (3d Cir. 2005); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1176 (S.D. Cal. 2007))).

/////

Further, the average hourly rate of $450 is not extraordinarily high considering counsels' experience and skill in class action and wage and hour litigation. Thomas has 13 years of experience, and Moore has 22 years of experience. Mot. For Attorneys' Fees and Costs at 6. The rates approved in other local class action cases are equivalent, all things considered. *See Monterrubio*, 291 F.R.D. at 460 (noting the "'prevailing hourly rates in the Eastern District of California are in the $400/hour range'") (quoting *Bond v. Ferguson Enters., Inc.*, No. 1:09–cv–1662 OWW MJS, 2011 WL 2648879, at *12 (E.D. Cal. June 30, 2011))); *Vanwagoner*, 2014 WL 7273642, at *11 (accepting as reasonable a rate of $400 per hour); *Four in One Co. v. S.K. Foods, L.P.*, No. 2:08-CV-3017 KJM EFB, 2014 WL 4078232, at *13 (E.D. Cal. Aug. 14, 2014) (using average billing rate of $436/hour).

The "clear sailing" agreement in the Settlement Agreement provides that Bar None will not oppose the motion for approval of attorneys' fees and litigation expenses, and will "agree[] the request is fair and reasonable under the circumstances of the case." Settlement Agreement ¶ 5.1. "[W]hen confronted with a clear sailing provision, the district court has a heightened duty to peer into the provision and scrutinize closely the relationship between attorneys' fees and benefit to the class, being careful to avoid awarding "unreasonably high" fees simply because they are uncontested." *In re Bluetooth*, 654 F.3d at 948 (also noting "a kicker arrangement reverting unpaid attorneys' fees to the defendant rather than to the class amplifies the danger of collusion already suggested by a clear sailing provision"). Here, if the court were to award a smaller amount, the remaining funds would revert to the settlement class in proportion to each class member's respective payment. Settlement Agreement ¶ 5.1.

Having conducted a lodestar cross-check and carefully considering the submitted accounting of hours and class counsel's experience, the court finds the request for attorneys' fees reasonable. Accordingly, class counsel's motion for attorneys' fees in the amount of $90,000 is GRANTED.

B. Class Counsel's Request for Litigation Costs

The court must determine an appropriate award of costs and expenses. Fed. R. Civ. P. 23(h). "[I]n evaluating the reasonableness of costs, 'the judge has to step in and play

surrogate client.'" *FACTA*, 295 F.R.D. at 469 (quoting *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992)). "In keeping with this role, the court must examine prevailing rates and practices in the legal marketplace to assess the reasonableness of the costs sought." *Id.* (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 286–87 (1989)).

Plaintiff submits his costs are $6,148.97. Mot. for Attorneys' Fees at 6. After carefully reviewing the summary of expenditures, the court finds the costs requested for travel, mediation expenses, filing fees, and deposition costs to be reasonable. Courts routinely approve reimbursement of such costs. *See, e.g., FACTA*, 295 F.R.D. at 469; *Pierce v. Rosetta Stone, Ltd.*, No. 11–01283, 2013 WL 5402120, at *6 (N.D. Cal. Sept. 26, 2013) (reimbursing mediation fees). The motion for reimbursement of costs in the amount of $6,148.97 is GRANTED.

C. Enhancement Award

Named plaintiffs, as opposed to designated class members who are not named plaintiffs, are eligible for reasonable incentive payments. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).

In its preliminary approval order, the court requested "a more detailed declaration describing [Ross's] current employment status, any risks he faced as class representative, specific activities he performed as class representative and the amount of time he spent on each activity." Preliminary Approval Order at 17. Class Representative Ross did not file such a declaration with the motion. At hearing, plaintiff's counsel acknowledged neglecting to file a declaration, and asked the court for leave to file the declaration no later than close of business on January 20, 2015. ECF No. 38. Plaintiff's declaration states that he, over the course of two years, spent about 10 hours "regularly [speaking] with [his] attorneys," 2 hours "[reaching] out to former co-workers to notify them of the class action and to connect them with the attorneys," 5 hours "reviewing pleadings and discovery responses," and 12 hours attending the mediation in Oakland, California, approximately 120 miles from his home in Roseville, California. Ross Decl. at 2, ECF No. 39. On this record, the court finds the proposed $5,000 enhancement award is reasonable in light of comparable awards and the lack of objection from other class members or defendant. *Franco v. Ruiz Food Products, Inc.*, No. 1:10-CV-02354-SKO, 2012 WL 5941801, at *23 (E.D. Cal.

Nov. 27, 2012) ($7,000 incentive award reasonable where plaintiff brought case to counsel's attention; searched for key documents; met regularly with counsel to provide information and answered questions about work experience and documents; assisted with complaints; attended lengthy deposition; reviewed the settlement terms; and reviewed release of claims); *Murillo v. Pac. Gas & Elec. Co.*, No. 2:08-1974 WBS GGH, 2010 WL 2889728, at *12 (E.D. Cal. July 21, 2010) ($10,000 enhancement payment reasonable where plaintiff attended all-day deposition, worked extensively with class counsel to review documents in case upwards of fifteen hours, and attended over nine hours of mediation).

VII. CONCLUSION

IT IS HEREBY ORDERED that plaintiffs' motion for final approval of the class and collective actions settlements is GRANTED as follows:

1. Solely for the purpose of the settlement and based on Federal Rule of Civil Procedure 23, the court hereby certifies the following class: "[T]he 28 employees identified as Inventory Specialists who were misclassified as exempt employees by Bar None at any time from February 1, 2009 through February 28, 2013, and who have not opted out of this Settlement after Notice, and who are therefore in the Class that is certified for purposes of Settlement only."

2. The court hereby approves the terms of the settlement agreement as fair, reasonable, and adequate as they apply to the class, and directs consummation of all the agreement's terms and provisions.

3. The settlement agreement shall be binding on Bar None and all plaintiffs, including all members of the class.

4. The court in its discretion declines to maintain jurisdiction to enforce the terms of the parties' settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *cf. Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993). Unless there is some independent basis for federal jurisdiction, enforcement of the agreement is for the state courts. *Kokkonen*, 511 U.S. at 382.

5. No later than sixty days after the date of this order the claims administrator shall disburse the settlement amount due to each class member.

6. Class counsel is entitled to fees in the amount of $90,000.

. 7. Class counsel is entitled to costs in the amount of $6,178.47.

8. Plaintiff Robert Ross is entitled to an enhancement award of $5,000.

9. No later than fourteen days after the date of this order the claims administrator shall disburse attorneys' fees and costs.

The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: March 9, 2015.

UNITED STATES DISTRICT JUDGE